**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN HARVEY WALKER,

No. 22-35351

Plaintiff-Appellant,

D.C. No. 2:20-cv-01821-HL

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

MEMORANDUM*

Defendant-Appellee.

Appeal from the United States District Court
for the District of Oregon
Andrew D. Hallman, Magistrate Judge, Presiding

Submitted April 18, 2023**
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Appellant John Harvey Walker timely appeals the district court's judgment affirming the Commissioner of Social Security's denial of disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

familiar with the facts of the case, so we do not recite them here. We review the district court decision de novo and review the decision of the Administrative Law Judge (ALJ) for substantial evidence. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Even if the ALJ errs, the court must affirm the decision if the error is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

1. The ALJ provided "specific, clear and convincing reasons" for discounting Walker's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Contrary to Walker's assertion, the ALJ properly identified the portions of Walker's testimony he disbelieved and provided specific record evidence in support of his findings. For example, the ALJ discounted Walker's testimony about the severity of his knee and back pain because treatment records from multiple providers showed that: (1) Plaintiff had only mild swelling or tenderness in his knees and good range of motion, (2) MRI images did not reveal severe conditions in Walker's back, and (3) an examining physician noted that Walker's back pain "remained somewhat out of proportion to physical exam/radiographic findings." *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Similarly, although Walker complained about difficulty using his

hands, exams showed that Walker had intact sensation, had no significant swelling, and had no difficulty with pinching, grasping, or fingering. Substantial evidence in the record also showed that Walker's pain improved after treatment and medication. *See* 20 C.F.R. § 416.929(c)(3)(iv)–(v); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

2. Walker argues that the ALJ improperly rejected medical opinion evidence: Dr. Joseph McCoy opined that Walker could not stand or walk for more than about 2/3 of the workday (or about 5.3 hours of an 8-hour workday), but the ALJ found that Walker could stand or walk for up to 6 hours of the workday. Walker argues that the ALJ erred in rejecting Dr. McCoy's medical opinion without evaluating the persuasiveness of the opinion as required by 20 C.F.R. §§ 404.1520c, 416.920c.

But any such error was harmless because a finding that Walker could not stand or walk for more than 5.3 hours a day would not disturb the ALJ's conclusion that Walker was capable of performing the jobs of counter clerk, garment sorter, and small parts assembler. At Walker's hearing, the vocational expert explained that none of these three jobs has a requirement for time spent standing or walking in a given day, and that these jobs "have much more apt ability to provide an individual to sit and stand at [his] workstation." The ALJ credited this testimony and concluded that Walker could perform these jobs even if he were further limited in his capacity to sit or stand. Thus, "the ALJ's error, if any indeed existed, was inconsequential to

3

the ultimate nondisability determination," and was therefore harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

3. Finally, Walker's argument that the ALJ's vocational hypothetical was incomplete merely repackages his arguments that the ALJ erred in discounting his subjective symptom testimony and the medical opinion evidence. 533 F.3d 1155*See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). As discussed above, the ALJ did not err in discounting Walker's testimony, and any error regarding the medical opinion evidence was harmless.

AFFIRMED.